UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROUN ALIM BEY,

       Plaintiff,

                                    CASE NO. 15-CV-11398

v.                                  HONORABLE GEORGE CARAM STEEH

ANDREW SYLVESTER, ET AL.,

       Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
*IN FORMA PAUPERIS*, DISMISSING PLAINTIFF'S
<u>COMPLAINT, AND DENYING ANY APPEAL *IN FORMA PAUPERIS*</u>**

Pro se plaintiff, seeking to proceed *in forma pauperis*, alleges constitutional violations, kidnaping, genocide, extortion, involuntary servitude, and other claims against City of Taylor police officers, court clerk, court administrator, city attorney and others arising out of his August 14, 2014 arrest. Plaintiff previously tried to remove two criminal misdemeanor offenses pending in the 23rd District Court in the City of Taylor to this court, apparently involving the same charges underlying plaintiff's complaint here, and Judge Edmunds remanded the matter for lack of subject matter jurisdiction, finding that plaintiff's claims were frivolous and incomprehensible. For the same reason, plaintiff's complaint here shall be dismissed as frivolous and for failure to state a claim under the screening process governing *in forma pauperis* complaints set forth at 28 U.S.C. § 1915(e)(2)(B)(i)(ii).

Although federal courts hold the *pro se* complaint to a less stringent standard than those drafted by attorneys, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)(per curiam);

-1-

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), under § 1915(e)(2)(B), a district court may dismiss a complaint filed *in forma pauperis* before service on defendants if it is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendants who are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim upon which relief may can be granted, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The complaint is unintelligible and fails to state any viable claims against defendants. Among other things, the complaint alleges that defendants violated the Treaty of Peace & Friendship, the Articles of Confederation, the Declaration of the Rights of the Child, the Declaration of the Rights of Indigenous Peoples, and the Declaration of Human Rights, and seeks enforcement of the Divine Constitution and By-Laws of the Moorish Science Temple of America. These claims simply are not cognizable. In addition, many of the defendants also would be entitled to immunity shielding them from prosecution of plaintiff's claims. In sum, plaintiff's complaint is frivolous, fails to state a claim, and seeks monetary relief from defendants who are immune from such relief.

Having considered plaintiff's application to proceed without the prepayment of fees, IT IS ORDERED that plaintiff's motion to proceed *in forma pauperis* is GRANTED. (Doc. 1).

IT IS FURTHER ORDERED that plaintiff's case is DISMISSED. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith, and therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis.*

**IT IS SO ORDERED**.

Dated: April 27, 2015

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon the attorneys of record and also on Haroun Alim Bey, 1125 Helen Street, Inkster, MI 48141, on April 27, 2015, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk